IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DATATERN, INC.**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>1.  SUNTRUST BANKS, INC.<br>2.  SUNTRUST BANK<br>3.  BP AMERICA, INC.<br>4.  CONOCOPHILLIPS COMPANY<br>5.  CONOCOPHILLIPS<br>6.  BUY.COM, INC.<br>7.  HSN, INC.<br>8.  HSN INTERACTIVE LLC<br>9.  THE ALLSTATE CORPORATION<br>10.  ALLSTATE INSURANCE COMPANY<br>11.  ALLSTATE LIFE INSURANCE COMPANY<br>12.  DISCOVER FINANCIAL SERVICES, INC.<br>13.  HALLIBURTON COMPANY<br><br>　　　　　　　　　　Defendants. | Civil Action No. 2:10-cv-00055<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which DataTern, Inc. makes the following allegations against SunTrust Banks, Inc., SunTrust Bank, BP America, Inc., ConocoPhillips Company, ConocoPhillips, Buy.com, Inc., HSN, Inc., HSN Interactive LLC, The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Discover Financial Services, Inc., and Halliburton Company (collectively the "Defendants").

## PARTIES

1.　　Plaintiff DataTern, Inc. ("Plaintiff") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this District.

2. On information and belief, Defendant SunTrust Banks, Inc. is a Georgia corporation with its principal place of business at 303 Peachtree Street, Suite 500, Atlanta, Georgia 30308. SunTrust Banks, Inc. has appointed Raymond T. Fortin, 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308 as its agent for service of process.

3. On information and belief, Defendant SunTrust Bank is a wholly-owned banking subsidiary of SunTrust Banks, Inc. SunTrust Banks, Inc. has appointed C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

4. On information and belief, Defendant BP America Inc. ("BP America") is a Delaware corporation with its principal place of business at 4101 Winfield Road, Warrenville, IL 60555-3521. BP America has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

5. On information and belief, Defendant ConocoPhillips Company is a Delaware corporation with its principal place of business at 600 N Dairy Ashford St 3170, Houston, TX 77079-1100. ConocoPhillips Company has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

6. On information and belief, Defendant ConocoPhillips is a Delaware corporation with its principal place of business at 600 North Dairy Ashford, Houston, TX 77079. ConocoPhillips has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

7. On information and belief, Defendant Buy.com Inc. ("Buy.com") is a Delaware corporation with its principal place of business at 85 Enterprise, Ste. 100, Aliso Viejo, CA 92656. Buy.com has appointed Registered Agent Solutions, Inc., 32 W. Loockerman St., Suite 201, Dover, Delaware 19904 as its agent for service of process.

8. On information and belief, Defendant HSN, Inc. ("HSN") is a Delaware corporation with its principal place of business at 1 HSN Drive, St Petersburg, FL 33729. HSN has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904 as its agent for service of process.

9. On information and belief, Defendant HSN Interactive LLC ("HSNI") is a Delaware corporation with its principal place of business at 1 HSN Drive, St Petersburg, FL 33729. HSNI has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904 as its agent for service of process.

10. On information and belief, Defendant The Allstate Corporation ("Allstate Corp.") is a Delaware corporation with its principal place of business at 2775 Sanders Road, Northbrook, IL 60062-6110. Allstate Corp. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

11. On information and belief, Defendant Allstate Insurance Company ("Allstate Insurance") is an Illinois corporation with its principal place of business at 2775 Sanders Rd., Northbrook, IL, 60062-6110. Allstate Insurance has appointed CT Corporation System, 400 Cornerstone Dr., 240, Williston, VT 05495-4019 as its agent for service of process.

12. On information and belief, Defendant Allstate Life Insurance Company ("Allstate Life Insurance") is an Illinois corporation with its principal place of business at 3100 Sanders Road Suite G4A, Northbrook, IL 60062-7127. Allstate Life Insurance has appointed CT Corporation System, B.E. Auth In Virginia, 4701 Cox Rd Ste 301, Glen Allen, VA 23060-6802, as its agent for service of process.

13.     On information and belief, Defendant Discover Financial Services, Inc. ("Discover") is a Delaware corporation with its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015-3851.  Discover is qualified to do business in the State of Texas and has appointed CT Corporation, 208 S. La Salle Street, Suite 814, Chicago, Illinois 60604-1101, as its agent for service of process.

14.     On information and belief, Defendant Halliburton Company ("Halliburton") is a Delaware corporation with its principal place of business at 5 Houston Center, 1401 McKinney, Suite 2400, Houston, TX 77010.  Halliburton has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

## JURISDICTION AND VENUE

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

17.     On information and belief, Defendant SunTrust Banks, Inc. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

18. On information and belief, Defendant SunTrust Bank is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

19. On information and belief, Defendant BP America is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

20. On information and belief, Defendant ConocoPhillips Company is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

21. On information and belief, Defendant ConocoPhillips is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

22.     On information and belief, Defendant Buy.com is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

23.     On information and belief, Defendant HSN is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

24.     On information and belief, Defendant HSNI is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

25.     On information and belief, Defendant Allstate Corp. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

26.     On information and belief, Defendant Allstate Insurance is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

27.     On information and belief, Defendant Allstate Life Insurance is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

28.     On information and belief, Defendant Discover is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29.     On information and belief, Defendant Halliburton is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm

Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 6,101,502

30. Plaintiff is the owner by assignment of United States Patent No. 6,101,502 ("the '502 Patent") entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software." The '502 Patent issued on August 8, 2000. A true and correct copy of the '502 Patent is attached as Exhibit A.

31. Upon information and belief, Defendant SunTrust Banks, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various SunTrust Banks, Inc. websites (including, without limitation to, suntrust.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant SunTrust Banks, Inc. is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

32. Upon information and belief, Defendant SunTrust Bank has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere

in the United States, by, among other things, methods practiced on various SunTrust Bank websites (including, without limitation to, suntrust.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant SunTrust Bank is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

33. Upon information and belief, Defendant BP America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various BP America websites (including, without limitation to, bp.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant BP America is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

34. Upon information and belief, Defendant ConocoPhillips Company has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various ConocoPhillips Company websites (including, without limitation to, conocophillips.com and drivesavvy.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for

invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant ConocoPhillips Company is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

35. Upon information and belief, Defendant ConocoPhillips has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various ConocoPhillips websites (including, without limitation to, conocophillips.com and drivesavvy.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant ConocoPhillips is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

36. Upon information and belief, Defendant Buy.com. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Buy.com websites (including, without limitation to, buy.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Buy.com is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

37. Upon information and belief, Defendant HSN has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various HSN websites (including, without limitation to, hsn.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant HSN is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

38. Upon information and belief, Defendant HSNI has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various HSNI websites (including, without limitation to, hsn.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant HSNI is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

39. Upon information and belief, Defendant Allstate Corp. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Allstate Corp. websites (including, without limitation to, allstate.com and allstateagencies.com) through its use

of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Allstate Corp. is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

40. Upon information and belief, Defendant Allstate Insurance has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Allstate Insurance websites (including, without limitation to, allstate.com and allstateagencies.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Allstate Insurance is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

41. Upon information and belief, Defendant Allstate Life Insurance has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Allstate Life Insurance websites (including, without limitation to, allstate.com and allstateagencies.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or

more claims of the '502 Patent to the injury of DataTern. Defendant Allstate Life Insurance is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

42. Upon information and belief, Defendant Discover has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various Discover websites (including, without limitation to, discovercard.com and discoverbank.com) through its uses of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendants Discover is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

43. Upon information and belief, Defendant Halliburton has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Halliburton websites (including, without limitation to, halliburton.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Halliburton is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

44. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '502 Patent complied with any such requirements.

45. To the extent that facts learned in discovery show that Defendants' infringement of the '502 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

46. As a result of these Defendants' infringement of the '502 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

47. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '502 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '502 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '502 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '502 Patent as provided under 35 U.S.C. § 284;

4.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

                            Respectfully submitted,

Dated: February 16, 2010              By: /s/ Marc A. Fenster
                                                  Marc A. Fenster, CA SB # 181067
                                                  E-mail: mfenster@raklaw.com
                                                  RUSS, AUGUST & KABAT
                                                  12424 Wilshire Boulevard 12th Floor
                                                  Los Angeles, California 90025
                                                  Telephone:  310/826-7474
                                                  Facsimile:  310/826-6991

                                                  Patrick R. Anderson, MI SB # P68961
                                                  E-mail: patrick@prapllc.com
                                                  PATRICK R. ANDERSON PLLC
                                                  4225 Miller Rd, Bldg. B-9, Suite 358
                                                  Flint, MI 48507
                                                  Telephone:  517/303-4806
                                                  Facsimile:  248/928-9239

                                                  Andrew W. Spangler, TX SB # 24041960
                                                  SPANGLER LAW PC
                                                  208 N. Green Street, Suite 300
                                                  Longview, TX 75601
                                                  Telephone:  903/753-9300
                                                  Facsimile:  903/553-0403
                                                  Email: spangler@spanglerlawpc.com

                                                  **Attorneys for Plaintiff**
                                                  **DATATERN, INC.**